# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

SANFORD STENSON,

    Plaintiff,

v.

HYPERION BIOTECHNOLOGY, INC.,

    Defendant.

CIVIL ACTION NO.: 2:15-cv-148

## **ORDER and REPORT AND RECOMMENDATION**

For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 12.) Additionally, I **RECOMMEND** that the Court **DISMISS** this action and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## **BACKGROUND**

On October 13, 2015, Plaintiff filed this action, pro se, pursuant to 42 U.S.C. § 2000e ("Title VII"), alleging employment discrimination against him by Defendant. (Doc. 1.) Concurrent with his Complaint, Plaintiff filed a Motion to Proceed *in forma pauperis*. (Doc. 2.) On November 9, 2015, this Court directed Plaintiff to amend his Complaint to include sufficient factual matter to state a claim to relief that is plausible on its face including information regarding Plaintiff's efforts to exhaust his administrative remedies. (Doc. 5.) Plaintiff submitted an Amended Complaint on December 4, 2015. (Doc. 9.) In his Amended Complaint, Plaintiff states that Defendant was downsizing and that it "stacked the deck against [Plaintiff] to get [him] fired." (Doc. 9, p. 1.) Plaintiff goes on to allege that false accusations have been made against him and his "character has been slandered." (Id. at p. 2.) While he does not include any

specifics, Plaintiff generally contends that Defendant falsely accused him of downloading pornography to his work computer as a reason for his termination. Id.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); Dutta-Roy v. Fain, No. 1:14-CV-280-TWT, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly

2

baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Denial of Leave to Procced *in Forma Pauperis* and Dismissal of Complaint for Failure to State a Claim and Failure to Follow this Court's Order

Plaintiff's Complaint and Amended Complaint do not state a claim upon which relief can be granted. The Court explained the deficiencies in Plaintiff's Complaint in its prior Order and

gave him the opportunity to amend his Complaint. However, Plaintiff's Amended Complaint fares no better under the standard of review set forth above.

Plaintiff's Complaint and Amended Complaint do not comply with the Federal Rules of Civil Procedure's requirements for pleading. Put succinctly, under those rules, "the complaint must identify each of the laws the plaintiff claims that the defendant has violated in separate counts of the complaint, and for each count, identify in separate numbered paragraphs the pertinent facts which support the contention that the defendant acted in violation of that law." Fleur v. Publix Supermarkets, No. 8:12-CV-848-T-23TGW, 2012 WL 1806718, at *1 (M.D. Fla. Apr. 27, 2012) (citing Fed. R. Civ. P. 8, 10 and McNeil, 508 U.S. at 106). Rather than a "short and plain statement" of his claims against Defendant, Plaintiff levies conclusory allegations that Defendant wrongfully terminated him. (Docs. 1, 9.)

Furthermore, "[f]ederal courts are courts of limited jurisdiction, and they only possess the power authorized by Congress or the Constitution." Stone v. Bank of New York Mellon, N.A., 609 F. App'x 979, 981 (11th Cir. 2015). Plaintiff does not cite any basis for this Court to exercise jurisdiction over this case. He does not cite any federal law that Defendant allegedly violated when terminating him. While Plaintiff's original Complaint was filed on a form for causes of action under the Civil Rights Act, he does not allege that Defendant discriminated against him based on religion, national origin, race, color, or sex. Furthermore, a review of Plaintiff's factual allegations does not invoke any other federal law that could give the Court jurisdiction over this action. Put simply, while Plaintiff alleges that Defendant wrongfully terminated him, he does not allege that his termination violated federal law. Moreover, Plaintiff has not followed this Court's directive to detail all efforts he made to exhaust his administrative remedies. (Doc. 5, p. 5.)

For all of these reasons, the Court **DENIES** Plaintiff's Motion for leave to proceed *in forma pauperis* in this Court, and I **RECOMMEND** that the Court **DISMISS** this action for failure to state a claim and failure to follow this Court's directives.

## II.     Denial of Leave to Appeal *in forma pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See FED. R. APP. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal should.

**CONCLUSION**

For the above-stated reasons, I **RECOMMEND** that the Court **DISMISS** this action, without prejudice, and that the Clerk of Court be directed to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further recommend that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). Objections to a Report and Recommendation are not the proper vehicle to raise issues and arguments not previously brought before the Court. A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

**SO ORDERED**, this 19th day of January, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA